# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CLYDE EARL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 0243 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| JOHNATHAN HOWARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants in part without prejudice and denies in part without prejudice Defendants' joint motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [21]. The Court grants Plaintiff leave to file a Second Amended Complaint in accordance with this ruling by no later than July 18, 2017.

## STATEMENT

On January 12, 2017, Plaintiff filed the present lawsuit against employees of the Cook County Department of Corrections ("CCDOC"), Cermak Health Services of Cook County ("Cermak"), and Cook County Sheriff's Office employees, including Sheriff Thomas Dart, as well as Cook County, pursuant to the Court's original and supplemental jurisdiction.[1] Before the Court is Defendants' joint motion to dismiss brought pursuant to Rule 12(b)(6). For the following reasons, the Court grants in part without prejudice and denies in part without prejudice Defendants' motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union,* 850 F.3d 861, 863 (7th Cir. 2017). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

---

[1] By leave of Court, on June 20, 2017, Plaintiff filed a First Amended Complaint voluntarily dismissing Defendant Daniel Rinewalt from this action and naming Defendant Lakesha Morales as a Defendant.

1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Ordinarily, district courts will not dismiss a complaint based on a statute of limitations affirmative defense unless the action is clearly time-barred. *See Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017); *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015).

## BACKGROUND

In his First Amended Complaint, Plaintiff alleges that since the early 1990s, he has suffered from mental illness causing him to experience severe symptoms, including psychosis, hallucinations, depression, and paranoia, when he is not taking his psychotropic medication. (R. 65, First Am. Compl. ¶ 16.) Plaintiff further alleges that his symptoms were well-controlled with psychotropic medication in the years prior to the events giving rise to this lawsuit, and, at times when he did suffer from symptoms of his mental illness, he either went to the hospital on his own or called to have an ambulance take him to the hospital. (*Id.* ¶ 17.) On January 12, 2015, Plaintiff was experiencing severe symptoms of his mental illness, so he attempted to go to a hospital to seek treatment. (*Id.* ¶ 18.) While on his way to the hospital, Chicago Police Officers arrested him. (*Id.* ¶ 19.) On January 14, 2015, officers placed him into the custody of the CCDOC. (*Id.* ¶ 20.) In addition, Plaintiff alleges that his bond was set at $10,000, which he could not afford to pay. (*Id.* ¶ 21.) Plaintiff remained in custody until June 17, 2015. (*Id.* ¶ 22.)

Plaintiff asserts that while he was a detainee during this time period, Defendants did not provide him psychotropic medication even though his prescriptions for these medications were current and active. (*Id.* ¶ 23.) Plaintiff asserts that while he was detained, his mental illness was so obvious that even a lay person would have easily recognized that immediate treatment, including but not limited to psychotropic medication, was necessary. (*Id.* ¶ 24.) He states that while he was detained he behaved bizarrely, refused to talk to people, refused to come out of his cell, refused to eat, displayed poor hygiene, and spoke incomprehensibly. (*Id.*) He also posits that Defendants knew of his mental illness because he previously had been hospitalized and treated with prescribed psychotropic medications. (*Id.* ¶ 25.) Also, Plaintiff alleges that representatives of the Sheriff's Office and Cook County discussed his illness and treatment during multi-disciplinary team meetings and that he was housed in Cermak's psychiatric infirmary. (*Id.* ¶ 26.) During his interactions with the individual Defendants, he directly requested psychiatric evaluations, stated that he needed psychiatric care, informed Defendants that he was prescribed specific psychotropic medications, stated that he was hearing voices, submitted written requests for medication/mental health care, and demonstrated his amenability to further treatment. (*Id.* ¶ 28.)

Plaintiff alleges that on May 22, 2015, a Cook County judge declared him unfit for trial due to his mental illness, and, consequently transferred him to the custody of the Department of Mental Health. (*Id.* ¶ 30.) Plaintiff states that despite being found unfit for trial, Defendants took no further actions beyond simple checkups and continued to deny his psychotropic medications until June 17, 2015, at which time he was transferred to the Chester Mental Health Center. (*Id.* ¶ 31.)

Based on these allegations, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of his Fourteenth Amendment due process rights while he was a pretrial detainee (Count I). Further, Plaintiff brings a claim against the Sheriff and Cook County for indemnification (Count II). Plaintiff also alleges a *Monell* claim against the Sheriff's Office and Cook County (Count III). Last, Plaintiff alleges a state law intentional infliction of emotional distress claim and a willful and wanton conduct/aggravated negligence claim (Counts IV and V).

## ANALYSIS

### I. Personal Involvement

Although Plaintiff has generally alleged detailed facts raising his right to relief above a speculative level as to his Fourteenth Amended due process deliberate indifference medical care claim, *see Twombly,* 550 U.S. at 555, Defendants argue that he has failed to alleged sufficient facts as to their personal involvement or responsibility. When bringing constitutional claims under 42 U.S.C. § 1983, individual liability requires personal involvement in the alleged constitutional violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). In other words, under § 1983, an individual is only liable for his or her own misconduct. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Also, a "defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) (citation omitted). Put differently, to "show personal involvement, [a] supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'" *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation omitted). Here, Defendants argue that Plaintiff's allegations do not adequately connect each specific Defendant to the alleged unconstitutional acts. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).

In response, Plaintiff argues that under the circumstances "group pleading" is appropriate because he has alleged that each Defendant knew of his mental illness, each Defendant was directly involved in his treatment or monitoring him, and that each Defendant failed to take adequate action to provide him with the necessary treatment. (First Am. Compl. ¶¶ 25-27, 31-32, 45.) To clarify, in *Brooks*, the Seventh Circuit concluded that an allegation directed at multiple defendants can adequately plead personal involvement or responsibility in the context of an alleged constitutional deprivation in certain circumstances. *See id.* at 582; *Rivera v. Lake Cty.*, 974 F. Supp. 2d 1179, 1194 (N.D. Ill. 2013). More specifically, courts in this district have concluded that:

> Rule 8(a) is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer. Such a pleading standard would effectively allow police officers to violate constitutional rights with abandon as long as they ensured they could not be individually identified, even if liability for acting in concert (or for aiding and abetting each other) would otherwise apply.

*Koh v. Graf,* No. 11 C 2605, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013); *see also Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 787 (N.D. Ill. 2013) ("the court perceives nothing problematic in [plaintiff's] use of collective references to 'the Defendants' to refer to all of them.").

That being said, Plaintiff asserts his claim against approximately 77 County Defendants and six Sheriff's Office Defendants – not nine Defendants as in *Starks* and *Koh*. Although Plaintiff may not be able to specify which individuals did exactly what in connection with his constitutional allegations before the parties conduct discovery, Plaintiff must narrow and group together the individual Defendants' alleged misconduct in a more particularized way. In other words, Plaintiff must do more than name the individual Defendants in the complaint's caption. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). In his Second Amended Complaint, Plaintiff must include some details about each Defendant, including, for example, whether each individual Defendant is a supervisor, provides security as a Sheriff's Office employee, or is on the medical staff. As it stands, Plaintiff's allegations fail to adequately put each individual Defendant on notice of Plaintiff's constitutional claims because it is implausible that approximately 85 Defendants are liable for the same conduct based on the current allegations. *See Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). The Court therefore grants Defendants' motion to dismiss Count I without prejudice, and also grants Plaintiff leave to file a Second Amended Complaint.

## II. State Law Claims

Next, Defendants argue that the one-year limitations period in Section 8-101(a) of the Illinois Local Government and Governmental Employees Tort Immunity Act bars Plaintiff's state law claims. Section 8-101(a) states that "[n]o civil action...may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). "A limitations defense is not often resolved on a Rule 12(b)(6) motion because 'a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations.'" *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, ___ F.3d ___, 2017 WL 2627819, at *2 (7th Cir. June 19, 2017) (citation omitted). Nevertheless, "dismissal at this early stage is appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy." *Id.*

In response, Plaintiff agrees that he filed this lawsuit more than one year after the alleged misconduct. He further maintains that Defendants' reliance on Section 8-101(a) is misplaced because his lawsuit arises out of "patient care" under Section 8-101(b), which allows for a two-year limitations period as follows:

> No action for damages for injury or death against any local public entity or public employee, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in

4

writing of the existence of the injury or death for which damages are sought in the action, whichever of those dates occurs first[.]

745 ILCS 10/8-101(b).

"While the Illinois Tort Immunity Act carves out a one-year statute of limitations for lawsuits against public entities and employees, it creates an exception for claims 'arising out of patient care.'" *Ambrose v. Kerr*, No. 12 CV 4648, 2013 WL 93175, at *2 (N.D. Ill. Jan. 8, 2013). The two-year statute of limitations for actions arising out of patient care brings "the Tort Immunity Act in line with the typical two-year statute of limitations for medical malpractice claims, so that patients would not be disadvantaged because they happened to obtain treatment at a public hospital rather than a private one." *Dobrzeniecki v. Salisbury*, No. 11 C 7956, 2012 WL 1531278, at *9 (N.D. Ill. Apr. 27, 2012); *see also Kaufmann v. Schroeder*, 241 Ill. 2d 194, 200 (Ill. 2011) ("by adding subsection (b), a person who suffers injuries arising out of patient care would not be disadvantaged by a shortened limitations period simply because he or she happened to obtain treatment at a public facility rather than a private one."). Although the Supreme Court of Illinois broadly construes "arising out of patient care," it is "not so broad as to encompass 'but for' causation." *Kaufmann,* 241 Ill.2d at 201 (citing *Brucker v. Mercola*, 227 Ill. 2d 502, 523 (2007)). Under this standard, "the injury must originate in, stem from, or result from, [a] patient's medical care." *Dobrzeniecki,* 2012 WL 1531278, at *8; *see also Kaufman,* 241 Ill.2d. at 200-01. On the other hand, when a plaintiff's injuries arise from the defendant's outright denial of medical care – rather than the medical care the defendant actually provided – the two year exception under 8-101(b) does not apply. *See Ambrose,* 2013 WL 93175, at *2.

Viewing the allegations and reasonable inferences in Plaintiff's favor, he alleges that although Defendants provided some medical care, the care they provided was deficient. Thus, Plaintiff argues he was injured because of his medical treatment. *See Kaufman,* 241 Ill. 2d. at 201. Further muddying the waters, however, is Plaintiff's lack of specific allegations as to what his deficient medical treatment entailed. Moreover, some of the named Defendants are not medical providers in the first instance. *See Dobrzeniecki*, 2012 WL 1531278, at *9. Under the circumstances, this is a situation where Plaintiff's state law claims are not clearly time-barred, and thus dismissal under Rule 12(b)(6) is not warranted at this juncture. Therefore, the Court denies this aspect of Defendants' motion to dismiss without prejudice. On a final note, if Plaintiff's negligence claim alleged in Count V is based on medical malpractice, Plaintiff must attach a supporting affidavit and report under 735 ILCS 5/2-622 to his Second Amended Complaint. *See Hahn v. Walsh*, 762 F.3d 617, 633 (7th Cir. 2014).

**Dated**: June 27, 2017

_____
**AMY J. ST. EVE**
**United States District Court Judge**

5